WESTERN DIST. *Sept. 1837.*

HUDSON, SYNDIC, ETC. *vs.* BODIN.

---

## HUDSON, SYNDIC, &c. *vs.* BODIN.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SIXTH PRESIDING.

Where mortgage creditors of a tract of land, sold by the mortgagor, enter into a consent rule, together with the third possessor, that it be sold on a particular day, and on certain conditions ; the proceeds to be divided according to the rights of the parties, and the auctioneer does not sell it until two months after the time specified, but conformable to the conditions in other respects, the purchaser will hold as against these creditors. They cannot have the sale rescinded on the ground that it was not made agreeable to the consent rule.

In an action for the rescission of a sale, by mortgage creditors, a judgment for defendant and not one of non-suit should be given in case of failure to support the action. The purchase still may be good and yet the land not released from the previous mortgages.

WESTERN DIST.

*Sept.* 1837.

HUDSON,
SYNDIC, ETC.
*vs.*
BODIN.

This is an action instituted by the syndic of Bendy's creditors, and of certain creditors of Joseph Dugat and wife, who are alleged to be absentees, to annul and rescind a sale of a certain tract of land to the defendant, on which the creditors of Dugat and wife, allege they have mortgages existing previous to the first sale.

It appears that one Woodruff Bendy purchased this land with other things, from Dugat, the 23d December, 1831. On the 12th February, 1832, Bendy sold this plantation or land, to James Jacobs. On the 24th May, 1833, Bendy sued his creditors, and made a cession of his property, but that now in question was not included. It had been nearly a year before conveyed to Jacobs.

At the time Dugat sold to Bendy, there were several mortgages existing on this land ; and some time before the sale from Bendy to Jacobs, and previous to his failure, several creditors of Dugat, brought suit against him to enforce their mortgages on this land ; among them E. N. Sale, former partner of Dugat. The suit of Bendy *vs.* His Creditors, was carried on together with all the other suits. The parties litigant, contested their rights respectively against each other, when, at the October term, 1833, a consent rule was entered on the minutes, in the suit of Sale *vs.* Bendy, to which Jacobs and Sale particularly consented. This rule authorized the parish judge as auctioneer, to sell the land and improvements on the first Monday of January, 1834, at a credit of one, two and three years, etc. The parish judge, however, did not sell the property until the 1st March following, and made the instalments payable the *first* of January, 1835, '36 and '37, and the defendant became the purchaser, and gave his notes according to the conditions of sale.

This suit was brought by the syndic of Bendy's creditors, to rescind this sale, and have the land restored to the operation of the original mortgages. The mortgage creditors of

Dugat join in the action for rescission. The syndic prays that the sale be rescinded and set aside ; that the defendant be ordered to render an account of all the property and improvements, including those he has sold and removed, and to pay the same into court. The defendant pleaded a general denial ; he averred that the sale and purchase by him, were made in good faith, and after due notice to all the parties interested. He prays that this action be dismissed, etc.

Upon these pleadings and issues the case was tried.

The sale under the consent rule, was not made until the first of March, 1834, but the instalments were made payable at the times specified. The defendant purchased the land at a low rate, (six hundred dollars,) and has since paid the price.

There was judgment for the defendant, rejecting the plaintiff's demand, and dismissing the suit. The plaintiff appealed.

*Lewis*, for the plaintiffs, contended, that the sale under which the defendant claims, was not made according to the consent rule. It required the sale to be made *on the first Monday of January*, 1834, at a credit of one, two and three years *from the day of sale, etc. ;* but the parish judge did not make it until *the first day of March*, 1834, and *not at one, two and three years from the day of sale, etc.*

2. Any one of the parties to the consent rule, by virtue of which the sale was made, has a right to demand that the same be set aside, if that rule has not been complied with ; and his rights cannot be made to depend upon the will of any other person who may refuse to join him in the suit.

3. The purchaser is the proper person with whom to contest the validity of the sale made to him.

4. The plaintiffs had no grounds of complaint against *Jacobs*, and therefore, no right to make him a defendant.

5. The sale to defendant has no other basis on which to rest, but the consent rule, and the said sale not having been made in conformity thereto, must be avoided. It is in proof that the plaintiffs were not present, and never consented to any other terms or conditions of sale, than those contained in the consent rule.

WESTERN DIST.
Sept. 1827.

HUDSON,
SYNDIC, ETC.
vs.
BODIN.

6. At all events the judgment in the District Court is erroneous in this, that it decides upon the merits; and if there are not proper parties with whom the merits of the cause can be litigated, the only judgment that can be given will be one of non-suit.

*Simon,* for the defendant.

1. This suit is brought to annul the sale made of certain property by the parish judge, as auctioneer, under a consent rule of court, on the ground, that it was not made on the day appointed. The defendant purchased in good faith, and there is no fraud alleged against any party. Although Jacobs and Sale, who both consented to this sale, are not among the plaintiffs, yet they are principally interested.

2. The defendant's title to the land is principally derived from Jacobs, who was the owner at the time, and consented to the sale. The only right which the plaintiffs could set up against the property is a right of mortgage, and nothing else ; but Hudson, as syndic of Bendy's estate, cannot set up any claim, because this property was never ceded by Bendy to his creditors. The sale to Jacobs was still in existence, made previous to Bendy's failure. Bendy's syndic has nothing to do with the other plaintiffs, who are Dugat's mortgage creditors.

3. Dugat's creditors cannot proceed against this property in any other manner than by the hypothecary action. It matters not who is in possession, this mode must be pursued. It is most singular that mortgage creditors should begin by attempting to annul a sale made to a third possessor, before instituting the hypothecary action. The law gives no such remedy.

4. It is shown that Sale, one of the mortgage creditors, does not complain of this sale. He consented to it, and received the first instalment out of the proceeds, which he was entitled to under the consent rule. The defendant has paid the *price,* the instalments as agreed on, and who is to re-imburse him ? Could he be placed in the same situation

WESTERN DIST.
*Sept.* 1837.

HUDSON,
SYNDIC, ETC.
*vs.*
BODIN.

as before, if the sale was rescinded and the property given up? Certainly not.

5. This is not an hypothecary action, but one to rescind and annul a sale. In support of the hypothecary action it is necessary to allege and prove, that the principal debtor has been called on to pay the debt thirty days before calling on the third possessor; and in no case does the law allow the hypothecary action, previous to an amicable demand made on the principal debtor or his representatives, and ten days notice given to the third possessor. 6 *Martin, N. S.,* 310. 4 *Louisiana Reports,* 125, 323.

6. The plaintiffs insist, that if they are not entitled to suc‹ceed, a judgment of non-suit only should be entered. Why of non-suit? They have directly attacked the title of the defendant, by alleging nullities against it, and demand a re-scission of the sale. He has joined issue. They have not established the nullities alleged, nor shown a better title; and the defendant is certainly entitled to judgment, quieting him in his title and possession.

*Bullard, J.,* delivered the opinion of the court.

It appears in this case, that a tract of land belonging to C. Jacobs, upon which the plaintiffs and others claimed to have mortgages, which originated while the land belonged to Dugat, was sold by the parish judge by consent of the owners and the parties interested, in pursuance of an order of court, in the cases then pending. The defendant, a stranger to these controversies, became the purchaser, and gave his notes for the price, which were disposed of according to that order. The agreement and order of court, required, that the land should be sold on the first of January, on a credit of one, two and three years; but the auctioneer did not sell until the 1st of March following, but the price was made payable at the same period designated in the agreement.

The present suit is brought by some of the parties to that agreement, not including one of the creditors who had been

paid out of the price paid by the defendant, and not including Jacobs, the former owner, against the purchaser, for the purpose of causing the sale and adjudication of the land to be rescinded and annulled, on the ground, that the parish judge did not sell in conformity to the order of court, and the agreement of parties; and that he sold for an inadequate price. They further pray that the defendant may be condemned to account for all the improvements removed by him from the place, and that the land may be seized and sold to satisfy their demand.

The contract sought to be rescinded, was essentially between Jacobs, the owner, and Bodin, the purchaser, through the agency of an auctioneer. The intention of the creditors who assented to the sale, was, apparently, that the notes to be given by the purchaser should represent the land, and that the court should proceed to distribute the price according to the rights of the parties. We, therefore, fully concur with the opinion of the district judge, that the rescission of the sale cannot be pronounced between the present parties. The vendor does not demand that a contract to which his assent is essential should be annulled, and yet the effect of rescinding the contract would be to re-invest his title; and one of the creditors who appears to have been paid out of the proceeds of the sale is not made a party. It is clear, therefore, the court did not err in dismissing the petition.

But the appellants complain that the judgment should have been one of non-suit, and that the court erroneously quieted the defendant in his title against their claims. The purchaser's title may be good and yet the land not released from previous incumbrances. That is a question we are not called on to decide in this case, and perhaps the court below would have reserved it if it had been asked.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs; reserving, however, to the parties their rights, if any they have, as hypothecary creditors.

45

---

Western Dist.
*Sept.* 1837.

HUDSON, SYNDIC, ETC.
*vs.*
BODIN.

Where mortgage creditors of a tract of land, sold by the mortgagor, enter into a consent rule, together with the third possessor, that it be sold on a particular day and on certain conditions; the proceeds to be divided according to the rights of the parties; and the auctioneer does not sell it until two months after the time specified, but conformable to the conditions in other respects, the purchaser will hold as against these creditors; they cannot have the sale rescinded on the ground that it was not made agreeable to the consent rule.

In an action for the rescission of a sale, by mortgage creditors, a judgment for defendant and not one of non-suit, should be given in case of failure to support the action. The purchase still may be good, and yet the land not released from the previous mortgages.